IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENNIS VAN VEEN,

        Plaintiff,

        v.

EQUIFAX INFORMATION SERVICES, LLC,
et al.,

        Defendants.

CIVIL ACTION NO. 2:10-cv-1635-PD

## STIPULATED PROTECTIVE ORDER

Upon motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following provisions shall govern confidentiality in *Van Veen v. Equifax Information Services, LLC, et al.*, No. 2:10-cv-1635 (the "Action").

    1.    <u>Confidential Material.</u> Any party[1] or non-party producing documents or things (a "Producing Party") to any other party (the "Receiving Party") in this Action may designate as CONFIDENTIAL documents (whether in hard copy or computer readable form), things, pleadings, deposition transcripts, answers to interrogatories, responses to requests for admissions, exhibits, and any other information produced, prepared, or discovered in this Action that contain: proprietary or sensitive commercial, financial, technical, research, development, or business information; or other nonpublic information that the Producing Party in good faith reasonably believes may be characterized as confidential information.

    2.    <u>Designation of Materials.</u> CONFIDENTIAL material shall be designated as follows:

        (a)    In the case of documents, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by the Producing Party by announcing at the time of production and by placing or electronically affixing the following legend on each page of such document prior to production: CONFIDENTIAL.

---

[1] As of the date of this Order, the parties are: Dennis Van Veen and AT&T Corp. (misidentified in Plaintiff's Amended Complaint as "AT&T, Inc.").

(b) In the case of depositions, a party or non-party may designate a transcript or videotape as CONFIDENTIAL. If a party or non-party designates a videotaped deposition CONFIDENTIAL, the video technician shall mark the original and all copies of the videotape with the words: "THIS VIDEOTAPE CONTAINS CONFIDENTIAL TESTIMONY USED IN THIS CASE. ITS CONTENTS MAY NOT BE VIEWED, DISPLAYED, OR REVEALED EXCEPT BY ORDER OF THE COURT OR PURSUANT TO WRITTEN STIPULATION OF THE PARTIES" to indicate that the contents thereof are subject to this Protective Order. If a deposition is transcribed, a party or non-party may designate the entire transcript (including exhibits) although only a portion contains CONFIDENTIAL material. The parties shall use this procedure only when it is reasonably believed necessary to protect CONFIDENTIAL material distributed throughout the deposition transcript. In other cases, where only a portion of the deposition transcript contains CONFIDENTIAL material, only that portion of the transcript will be so designated. Designation of a transcript or video shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript or video by counsel for the party or non-party to whose CONFIDENTIAL material the deponent has had access. Such review by counsel shall occur within thirty (30) days after counsel's receipt of the transcript or video. During such thirty (30) day time period, the entire deposition transcript or video, including any exhibits, shall be deemed CONFIDENTIAL. Counsel designating a portion of the video or transcript (or portion thereof) CONFIDENTIAL shall serve upon all counsel of record a list of pages marked CONFIDENTIAL. If no designation is made within thirty (30) days after receipt of the transcript or video, or such other period if the time to designate is shortened either by agreement of the parties or by Court order, the transcript or video shall be considered not to contain any CONFIDENTIAL material.

(c) Unless otherwise provided by Court order, if a document filed with the Court contains CONFIDENTIAL material, the document shall bear the following legend on the caption page or cover page and shall be filed under seal in an envelope also bearing the following legend:

> THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION THAT IS SUBJECT TO THE COURT'S PROTECTIVE ORDER IN THIS ACTION AND IS HEREBY FILED UNDER SEAL. THE CONTENTS OF THIS ENVELOPE SHALL NOT BE OPENED EXCEPT BY THE COURT AND ITS CLERKS IN THIS ACTION.

Documents filed under seal must comply with the requirements of Eastern District of Pennsylvania Local Rules 5.1.2(7), 5.1.2(16)(B)(4), and 5.1.5(a)-(c).

3. <u>Use of Confidential Materials.</u> Any materials designated as CONFIDENTIAL shall be used by the Receiving Party solely for the purpose of conducting the Action, and any appeals therefrom, and not for any other purpose whatsoever. Nothing in this Order shall be construed to control the Producing Party's use, dissemination, publication or disposition of its own CONFIDENTIAL material for any purpose. Nothing in this Order shall be construed to control the use, dissemination, publication, or disposition by a Receiving Party or its counsel of documents or information designated as CONFIDENTIAL which: (i) is or becomes publicly known through no fault of the Receiving Party; (ii) was already known to the Receiving Party by lawful means prior to the acquisition from, or disclosure by, another party in this Action; (iii) is rightfully obtained by the Receiving Party from a third party who has authority to provide such documents or information to the Receiving Party without restriction as to disclosure by the Receiving Party; or (iv) was independently and legally developed without reference to the CONFIDENTIAL documents or information.

4. <u>Treatment of Confidential Material.</u> Materials or information designated CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

    (a) outside counsel at a law firm of record representing a named party in this Action, including all paralegals, assistants, secretaries, clerical staff, and/or other employees of the law firm working under the supervision of counsel;

    (b) current employees, officers, or directors of the parties, provided that there is a reasonable basis related to the litigation of this Action for such persons to have access to the CONFIDENTIAL material;

    (c) any expert, as well as assistants, stenographic, and clerical employees working under the supervision of such expert, who: is expressly retained by any attorney described in Paragraph 4(a) to assist in the conduct or resolution of the Action; provided, however, that such disclosure is only to the extent reasonably necessary to perform such work, and that such expert has executed an agreement to maintain the confidentiality of any received materials in the form of Exhibit A hereto;

DMEAST #13330701

3

(d) court reporters, videographer, interpreters, translators, copy services, and database/coding services retained by and providing services for a party or a counsel described in paragraph 4(a);

(e) a person who prepared, received, or reviewed the confidential material prior to its production;

(f) the Court, including Court personnel, under seal; and

(g) Any other person agreed to by the parties in writing, provided that such person has executed an agreement to maintain the confidentiality of produced materials in the form of Exhibit A hereto.

5. The recipient of any CONFIDENTIAL material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

6. The recipient of any CONFIDENTIAL material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. CONFIDENTIAL material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of this Action. All such copies, reproductions, summaries, and abstractions shall be subject to this Order and labeled in the same manner as the designated material on which they are based.

7. <u>Objections, and Challenges to Confidentiality.</u> Nothing in this Order constitutes a waiver of any party's right to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance, or admissibility at trial of any evidence, whether or not comprised of information or documents furnished pursuant to this Order. Nothing herein shall be construed to limit any party's right to challenge the designation of any material as CONFIDENTIAL. A Receiving Party may challenge a designation by providing written notice of such challenge to the Producing Party or their counsel of record in connection with this Action, clearly identifying the specific portion of the designated material that the Receiving Party claims should not be afforded protection, or should afforded a lesser degree of protection, and the reasons supporting the challenging party's claim. After such notice is made, the parties

shall confer and in good faith attempt to resolve the dispute. If the parties are unable to resolve the dispute, the Receiving Party may move the Court for appropriate relief with reasonable notice to opposing counsel. The burden of proving the information has been properly designated as CONFIDENTIAL is on the Producing Party. All designations shall be honored until and unless the Producing Party agrees in writing otherwise, or the Court rules to lift the confidentiality designation.

8. <u>Inadvertent Failure to Designate.</u> The inadvertent or unintentional failure to designate by a Producing Party of CONFIDENTIAL material shall not be deemed a waiver in whole or in part of the party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter. Written notification within 30 days by the Producing Party of such inadvertent or unintentional failure to designate shall constitute a designation with respect to all copies of the documents or other material containing the information as CONFIDENTIAL material. Upon such notice, counsel for the parties shall cooperate to the extent practicable in restoring the confidentiality of the CONFIDENTIAL material.

9. <u>Inadvertent Disclosure</u>. In the event of an inadvertent disclosure of another party's CONFIDENTIAL material, the party making the inadvertent disclosure shall, upon learning of the disclosure:

(a) Promptly notify the person to whom the disclosure was made that it contains CONFIDENTIAL material subject to this Order;

(b) Promptly make all reasonable efforts to obtain the return of and preclude dissemination or use of CONFIDENTIAL material by the person to whom disclosure was inadvertently made; and

(c) Within five (5) days, notify the Producing Party of the identity of the person to whom the disclosure was made, the information disclosed, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

10. <u>Privileges.</u> Nothing in this Order shall preclude any party from asserting the attorney-client privilege, work product protection, or any other applicable privilege or protection as to any document or information. Inadvertent or unintentional production of documents subject to attorney-client privilege, work product protection, or any other protection from

production shall not constitute a waiver of the respective privilege or protection. Written notification of such inadvertent or unintentional disclosure shall be made by the Producing Party within 30 days. All copies of such inadvertently or unintentionally produced documents shall be returned to the Producing Party upon request. The Receiving Party shall retrieve and destroy all copies and any portions of notes, papers, summaries, or other instruments that comprise, embody, summarize, discuss, or quote from documents or things for which the attorney-client privilege, work product protection, or other protection from production is asserted and shall provide written notification of the destruction to the Producing Party. No use shall be made of such documents, including during depositions or at trial, nor shall they be shown to anyone subsequent to the request to return them. The Receiving Party shall not argue waiver of any privilege or protection based on such inadvertent or unintentional production. Nothing herein shall prevent the Receiving Party from challenging the privileged status of any inadvertently or unintentionally produced documents, or from retaining one copy of the privileged or otherwise protected material, solely for purposes of promptly challenging the privileged material. Any such challenge with the court must be filed under seal to the degree necessary to protect from waiver and disclosure the materials claimed to be privileged or otherwise protected.

11. Unless otherwise provided by Court order, the Clerk of the Court shall maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this Action by any party which are, in whole or part, designated as CONFIDENTIAL material, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information. The person filing such material shall advise the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

12. <u>Use in a Court Proceedings</u>. Nothing in this Order shall prevent a party from using at trial, or during depositions, any documents, information, or other materials designated CONFIDENTIAL. In the event that any materials designated as CONFIDENTIAL are used in any court proceeding, said materials shall not lose their designated status through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any confidential documents or information used in any court proceedings, if possible no later than five (5) days prior to such proceedings.

13. Within sixty (60) days of the completion of all appeals (if any) from the final judgment of this Action and upon the written request of the Producing Party, all CONFIDENTIAL material and all copies thereof shall either be returned to the party which produced them or be destroyed. If a party elects to destroy copies of CONFIDENTIAL material, the party shall certify in writing that said documents have been destroyed within the sixty (60) day time period. Notwithstanding the foregoing, outside counsel may retain an archival copy of any pleading and/or attorney work product that contains CONFIDENTIAL material. Such archival documents shall be retained and treated in accordance with the terms of this Order. In addition, no party or counsel shall be required to destroy any CONFIDENTIAL materials that have been stored on back-up tape or other electronic archive system so long as such information is not, in the good faith determination of the destroying party or counsel, reasonably accessible without undue burden or cost.

14. Any person who, in knowing violation of this Order, utilizes or discloses documents or information designated as CONFIDENTIAL, or knowingly designates documents as CONFIDENTIAL without a good faith basis for doing so, may be subject to sanctions, injunctive relief and ordered to pay the reasonable expenses, including attorneys' fees and costs, incurred as a result of enforcing compliance with this Order.

15. In the event any person subject to the terms of this Order is served with a subpoena or request for production of CONFIDENTIAL material, such person shall give sufficient notice to the Producing Party to allow the Producing Party a reasonable opportunity to intervene to oppose such production. In no event shall the person receiving the subpoena or other process produce CONFIDENTIAL material of any Producing Party in response to the subpoena or other process unless and until such person has: (i) received written authorization from counsel for the producing party to produce said CONFIDENTIAL material or (ii) been ordered to do so by a court of competent jurisdiction.

16. A Producing Party who has designated a document or information as CONFIDENTIAL may remove or change such designation by notifying counsel of record for the Receiving Party of its desire to do so.

17. In the event that a party seeks discovery in this Action from a nonparty, the nonparty may invoke the terms of this Order with respect to any CONFIDENTIAL material provided to the parties by so advising all counsel of record in writing. A non-party producing

any CONFIDENTIAL material in this Action shall be entitled to enforce this order as to such materials.

18. This Order shall not prevent any party from applying to the Court for relief therefrom, from applying to the Court for an order modifying or amending the terms of this Order, from seeking further or additional protective orders, or from agreeing between themselves to modification of this Order, in writing, subject to approval of the Court.

19. Until such time as this Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it had been "So Ordered."

20. The Court shall retain jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

21. This Order shall not bind the Court and nothing herein shall be construed to prevent the Court from altering the terms of this Order *sua sponte.*

22. This Order shall not bar any attorney for the parties from rendering advice to his or her client with respect to this action.

23. Nothing in this Protective Order shall prevent counsel from advising their clients regarding this litigation based in whole or in part upon CONFIDENTIAL, provided that counsel does not disclose the CONFIDENTIAL itself except as provided in this Protective Order.

By: _____
Mark D. Mailman, Esquire
Gregory J. Gorski, Esquire
**Francis & Mailman, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

*Counsel for Plaintiff*

By: _____
Martin C. Bryce, Jr.
Cecilia Isaacs-Blundin
**Ballard Spahr LLP**
1735 Market Street
51st Floor
Philadelphia, Pennsylvania 19103

*Counsel for Defendant AT&T Corp.*

APPROVED:

Date: 1/26/11

BY THE COURT:

_____
DIAMOND, PAUL, J.

**Exhibit A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENNIS VAN VEEN,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

    Defendants.

CIVIL ACTION NO. 2:10-cv-1635-PD

### STATEMENT AGREEING TO
### CONFIDENTIAL TREATMENT OF MATERIALS

I, _____, being duly sworn, state that:

(a) My present residential address is _____
_____

(b) My present employer is _____
and the address of my present employer is _____.

(c) My present occupation or job description is _____
_____

(d) I have received and carefully read the Protective Order dated _____, and understand its provisions. Specifically, I understand that I am obligated to hold in confidence and not to disclose the contents of any document marked CONFIDENTIAL to anyone except as permitted by Paragraph 4 of the Protective Order. I further understand that I am not to disclose to anyone except as permitted by Paragraph 4 of the Protective Order any words, substances, summaries, abstracts, or indices of the confidential information, documents, or things disclosed to me. I will never use the information, directly or indirectly, in competition with the disclosing party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e) At the termination of this action or at any time requested by counsel, I will destroy or return to counsel for the party by whom am I employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting confidential information which have come into my possession, and will destroy or return all documents or things I have prepared relating to or reflecting such information.

2

(f) I understand that if I violate the provisions of this Protective Order, I will be subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages. I consent to the exercise of personal jurisdiction by the United States District Court for the Eastern District of Pennsylvania with respect to any violations of this Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____

SUBSCRIBED AND SWORN to before me
this _____ day of _____, ___.


_____
Notary Public

My Commission Expires _____