## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DENNIS VAN VEEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1635 |
| | ) | |
| v. | ) | |
| | ) | |
| AT&T CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT AT&T CORP.'S MOTION FOR A PROTECTIVE ORDER

### PRELIMINARY STATEMENT

AT&T's decision to seek a protective order regarding highly relevant subjects identified within Plaintiff's Notice of Deposition pursuant to Rule 30(b)(6) is both untimely and unwarranted.  AT&T's sole purpose here is to obstruct Plaintiff from obtaining relevant and damaging information regarding AT&T's long history of slamming and its wholesale failure to comply with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §§ 1681, *et seq.,* and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. §§ 2770.1, *et seq.* AT&T's motion as such should be denied in its entirety.

Plaintiff is entitled to assess through discovery the degree to which AT&T had notice of problems relating to slamming, when it became aware of such problems and how its awareness of this problem impacted its credit reporting and collection activities with respect to this problem.  These circumstances speak directly to Plaintiff's ability to prove that AT&T acted in willful violation of the FCRA.  AT&T's desire to insulate itself from responding to relevant questions relating to this subject will substantially prejudice Plaintiff's ability to prosecute this

case, and unfairly allow AT&T to falsely portray this case as an isolated or unforeseeable error that could not have been avoided when nothing could be further from the truth.

## PROCEDURAL HISTORY

Plaintiff first noticed the deposition of AT&T on October 21, 2010.  *See* Def. Ex. E.  For nearly four months, AT&T failed to provide Plaintiff with any formal notice of any objections to specific subjects noticed for deposition.  Moreover, AT&T even failed to identify any objections or seek a protective order during the Rule 16 conference conducted with the Court in person on January 26, 2011.  Now, on the eve of the deposition, AT&T for the first time served formal objections to various subjects identified in the deposition and filed in the instant motion.

## BACKGROUND

"Slamming" is defined by AT&T itself as the "illegal practice of changing a person's communication's provider without permission."  *See* Ex. A, AT&T Website on Slamming.  In this case, Plaintiff's long distance service was changed from IDT to AT&T in April 2007 without his permission.  AT&T has offered absolutely no proof to date that Plaintiff ever authorized the changeover.  Furthermore, AT&T has produced documents that it engaged in a regular practice of "slamming" IDT customers such as Plaintiff, so much so that a specific script was prepared to mislead victims who called AT&T to complain.  *See* Ex. B, AT&T Procedure Document.

Victims of slamming by law do not have to pay for the first 30 days of service billed by the unauthorized carrier (AT&T in this case).  *See* 47 C.F.R. § 64.1150(c).  Despite these unambiguous FCC requirements, AT&T continued to collect against Plaintiff for the charges despite: (1) numerous calls by Plaintiff to AT&T; (2) Plaintiff's written request to AT&T to remove the charges; (3) Plaintiff having filed a complaint with the Pennsylvania Attorney General seeking removal of the charges; and (4) Plaintiff having filed a complaint with the

2

Pennsylvania Public Utilities Commission seeking removal of the charges.  It was not until Plaintiff filed a slamming complaint with the FCC on March 5, 2009 that AT&T removed the charges.  *See* Ex. C, FCC Slamming Complaint.

In connection with removing the charges, AT&T sent Plaintiff a bill reflecting that Plaintiff owed AT&T no money and memorialized that an adjustment was made due to "incorrect AT&T billing."  *See* Ex. D, March 16, 2009 AT&T Bill.  Notwithstanding the above, AT&T nonetheless continued to report the account to the credit reporting agencies as a derogatory charged off account thus damaging his otherwise perfect credit,  and formulating the basis for this lawsuit.

AT&T is also no stranger to the practice of slamming consumers.  AT&T was previously fined substantially ($520,000) by the FCC for engaging in numerous acts of "slamming."  *See* Ex. E, FCC News Release.  AT&T was also public warned by the Florida Attorney General regarding its widespread failure to refund unauthorized long distance charges waged against consumers.  *See* Ex. F, Florida Attorney General News Release.  AT&T's misconduct in this realm even resulted in a class action lawsuit against AT&T for assessing unauthorized charges to thousands of consumers despite the fact that they were not even AT&T customers.  *See Allen Lund Company, et al. v. AT&T Corp.*, Civil No. 04-4012 (C.D. Ca).  *See also* Ex. G, Girard Gibbs, LLP Press Release.

## ARGUMENT

I.  **SUBJECTS 11 & 12 OF PLAINTIFF'S DEPOSITION NOTICE ARE HIGHLY RELEVANT TO AT&T'S KNOWING AND WILLFUL PRACTICE OF "SLAMMING" CONSUMERS INCLUDING PLAINTIFF.**

As described in detail above, AT&T's transgressions relating to slamming impact this case substantially in numerous material respects which speak directly to the willful nature of

AT&T's conduct including: (1) AT&T mishandling an FCC slamming complaint filed by Plaintiff in March 2009; (2) AT&T's knowledge of widespread slamming of IDT customers including Plaintiff; (3) AT&T's history of assessing thousands of consumers with charges when they were not even customers; and (4) AT&T's history of being fined for slamming by the FCC. Subjects 11[1] and 12[2] of Plaintiff's deposition notice allow Plaintiff to conduct relevant discovery relating to these concerns.   AT&T's sole basis for objecting to these topics derives from this Court having previously denied Plaintiff request to compel production certain documents from AT&T regarding "slamming."   The Court's denial of Plaintiff's request, however, was notably without prejudice.   Accordingly, Plaintiff's deposition of the designated witness on these targeted areas of AT&T's "slamming" is critical to allow Plaintiff to discern whether additional relevant documents exist that would warrant the Court's reconsideration of Plaintiff's request for production.

## II. SUBJECT 15 OF PLAINTIFF'S DEPOSITION NOTICE IS HIGHLY RELEVANT TO ASSESS AT&T'S AWARENESS OF CREDIT REPORTING PROBLEMS ASSOCIATED WITH ITS "SLAMMING" PRACTICES.

Given AT&T's long history of assessing unauthorized charges to thousands of non-customers including Plaintiff, it is only logical to conclude that other consumers may have been forced to file lawsuits against Defendant for the damage that AT&T did to their credit or for its unfair collection practices in collecting purported debts that were not even owed.  Indeed, a class action lawsuit was even filed against AT&T previously for this type of conduct.  Subject 15[3] thus

---

[1]     Subject 11 requests that the witness provide information relating to AT&T's "policies and procedures of the previous 5 years designed for the purpose of preventing 'slamming.' "

[2]     Subject 12 requests that the witness provide information relating to "any formal or informal inquiries or actions taken against You by the Federal Communications Commission or any other federal or state agency or department that relates to the practice of 'slamming.' "

[3]     Subject 15 requests that the witness provide information related to "all lawsuits instituted against You based on alleged violation of the FCRA or FCEUA over the previous five years."

permits Plaintiff to determine the extent of AT&T's knowledge and history of damaging consumers' credit in connection with unauthorized charges and waging harassing collection campaigns to collect monies AT&T was not even entitled to receive.

### III.   AT&T'S DISSATISFACTION THAT IT HAS BEEN SUED FOR VIOLATION OF THE FCEUA IS NOT GROUNDS TO PROHIBIT PLAINTIFF FROM TAKING DISCOVERY REGARDING AT&T'S POLICIES RELATING TO ITS COMPLIANCE WITH THE STATUTE.

AT&T offers no basis to prohibit Plaintiff from taking discovery on AT&T's policies to comply with the FCEUA other than its vague dissatisfaction with the way it has been pled by Plaintiff in the Complaint. Furthermore, AT&T's attempts to collect unauthorized charges from Plaintiff and the subsequent damage to his credit over these unauthorized charges is a paradigm example of a violation of the false and deceptive collection practices that FCEUA seeks to prevent. *See*, *e.g.*, 73 P.S. § 2270.4(b)(5)(viii) ("A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt [including] … communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed."). AT&T's only purpose in seeking a protective order on this subject is to obstruct Plaintiff from taking discovery on an otherwise obvious and egregious violation of the FCEUA by AT&T who likely does little to comply with this statute.

### IV.   DEFENDANT'S REQUEST FOR A PROTECTIVE ORDER RELATING TO SUBJECT 4 OF THE DEPOSITION NOTICE IS UNFOUNDED AND DISINGENUOUS.

Subject 4 requests that the witness provide information related to "all complaints or grievances logged by Plaintiff with the Federal Communications Commission or Pennsylvania Utilities Commission against [AT&T]." AT&T disingenuously responds that the request is too vague and that it cannot adequately prepare. These statements are specifically contradicted by

5

the fact that Plaintiff provided AT&T with actual copies of the complaints Plaintiff waged with the FCC in March 2009 and the Pennsylvania Utilities Commission in January 2009 months ago when he served his initial disclosures.  *See*, *e.g.*, Ex. C.  Indeed, AT&T itself has produced documents relating to these grievances.  Accordingly, AT&T's claims that the instant subject is vague are simply a farce.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant AT&T Corp.'s Motion for a Protective Order in its entirety.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

*/s/ Gregory Gorski*
GREGORY GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

Dated: February 17, 2011                    Attorneys for Plaintiff