**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DENNIS VAN VEEN,** : | |
|     **Plaintiff** : | |
| : | **CIVIL ACTION** |
| v. : | **NO. 10-1635** |
| : | |
| **EQUIFAX INFORMATION** : | |
| **SERVICES, LLC, et al.,** : | |
|     **Defendants.** : | |

## ORDER

On January 26, 2011, I held a Rule 16 conference, after which I issued an Order resolving discovery disputes discussed at the conference. *(Doc. No. 43.)* On February 11, 2011, Defendants filed a Motion for Protective Order, requesting that I relieve them from the obligation of producing a Rule 30(b)(6) deponent with respect to five subject areas. *(Doc. No. 55; topics 4, 10-12, and 15.)* On February 15, 2011, I Ordered Plaintiff to respond by today. *(Doc. Nos. 56-57.)*

**AND NOW,** this 17th day of January, 2011, upon consideration of Defendants' Motion for Protective Order and Plaintiff's Response *(Doc. Nos. 55, 57)*, it is hereby **ORDERED** that Defendants' Motion is **GRANTED in part** as follows:

1) With respect to "4. All complaints or grievances logged by Plaintiff with the Federal Communications Commission or Pennsylvania Utilities Commission against You," Defendants' request is **GRANTED**. Plaintiff's request is pointless. Plaintiff already knows what complaints he made to the FCC and the PUC.

2) With respect to "10. Your policies and procedures over the previous 5 years designed for the purpose of assuring compliance with the FCEUA [Fair Credit Extension Uniformity

Act]," Defendants' request is **GRANTED in part.** Plaintiff avers in his Second Amended Complaint that his credit disputes began in April 2009. *(Doc. No. 46, ¶ 11.)* Accordingly, Defendants' 30(b)(6) designee should be prepared to testify knowledgeably with respect to Defendants' policies and procedures respecting the FCEUA over the previous 2 years.

3) With respect to "11. Your policies and procedures over the previous 5 years designed for the purpose of preventing 'slamming,'" Defendants' request is **GRANTED**. As I explained at the January 26, 2011 conference, Plaintiff has not yet shown that "slamming" has anything to do with this case.

4) With respect to "12. Any formal or informal inquiries or actions taken against You by the Federal Communications Commission or any other federal or state agency or department that relates to the practice of 'slamming,'" Defendants' request is **GRANTED**.

5) With respect to "15. All lawsuits instituted against You based on alleged violations of the FCRA [Fair Credit Reporting Act] or FCEUA over the previous 5 years," Defendants' request is **GRANTED**. This discovery would be burdensome and unlikely to lead to the discovery of admissible evidence.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
**Paul S. Diamond, J.**