IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS VAN VEEN,** )<br> )<br>    **Plaintiff,** )<br>  vs. )<br> )<br>**AT&T CORP., et al.,** )<br> )<br>    **Defendants.** )<br> ) | Civil Action No. 10-1635 |

### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff Dennis Van Veen, by the undersigned counsel, hereby moves this Court to compel Defendant AT&T, Corp. ("AT&T") to produce documents responsive to Plaintiff's Requests for Production and in support of said motions avers as follows:

1.  By way of background, Plaintiff in this matter claims that in or around April 2007 Plaintiff's long distance service was changed without his authorization from IDT to AT&T resulting in Plaintiff inappropriately receiving bills from AT&T, then being harassed by AT&T's collection activities, and then having his credit harmed by AT&T falsely reporting the account as a delinquent debt to the credit reporting agencies.

2.  Through discovery, Plaintiff has learned that the problem affecting Plaintiff was not localized only to him. The problem in fact impacted hundreds if not thousands of IDT customers who were subjected to the same treatment by AT&T as a result of the very same problem. Moreover, AT&T was made aware of these problems by IDT yet made no effort to remedy the problems affecting these IDT customers.

3.  Specifically, through document discovery received from IDT Corporation pursuant to the subpoena served by Plaintiff, and through the deposition testimony of IDT Corporation's corporate designee, Shaya Shwartz, Plaintiff has learned that a spreadsheet exists

containing the names and information related to IDT customers who experienced the exact same problem of being inappropriately billed by AT&T for long distance service.  *See e.g.,* Ex. A, IDT Call Center Notes.

4.     Moreover, Mr. Schwartz's testimony confirmed that this list includes IDT customers who likewise were subjected to the exact same problem that affected Plaintiff.  Mr. Shwartz further testified that this spreadsheet was regularly exchanged with AT&T employees through email communications.[1]  Mr. Shwartz and IDT documents also confirmed that the spreadsheet consisted of at least 500 or more individuals affected by this problem by November 2007.

5.     Plaintiff specifically requested that AT&T provide Plaintiff with "all documents or communications of any kind that [AT&T] sent to or received from IDT relating to Plaintiff, Plaintiff's social security number, Plaintiff's identity or any allegations or defenses asserted in this action."  *See* Ex. B, Plaintiff's Request for Production No. 28.

6.     The spreadsheet identified above speaks directly to the problem at issue in this case and contains comprehensive amounts of information regarding the scope of the problem and AT&T's knowledge and handling of the problem, not to mention the names of material witnesses similarly affected by this problem.  All these factors speak directly to the willful nature of AT&T's misconduct.

7.     Plaintiff promptly identified this deficiency to AT&T by way of letter from the undersigned counsel, dated April 7, 2011.  *See* Ex. C, Letter from Gregory Gorski, Esq. to Cecilia Isaacs-Blundin, Esq., counsel for AT&T.

---

[1]     Mr. Shwartz was even able to identify two AT&T employees by name who received the emails, Andrew Anderson and Marjorie Joykley.

8. In consideration of the discovery schedule in this matter, Plaintiff requested that AT&T provide Plaintiff with guidance as to whether or not it will agree to produce the spreadsheet at issue by today's date.

9. At the time this motion was filed, AT&T had not provided any definitive information to Plaintiff regarding whether or not it intended to produce the spreadsheet. *See* Ex. D, Email Correspondence between Gregory Gorski, Esq. and Martin C. Bryce, Jr., Esq., counsel for AT&T.[2]

10. Furthermore, AT&T's failure to produce this document underscores a pattern of non-compliance by AT&T with discovery requests in this matter that has occurred throughout the litigation, which has included violating this Court's order compelling AT&T to produce its policy and procedure documents, withholding documents from Plaintiff, and providing misleading testimony relating to the existence of critical documents in this matter. Plaintiff refers the Court to Exhibit C (Plaintiff's deficiency letter to AT&T) for a more detailed account of these previous transgressions.

11. This discovery misconduct has caused Plaintiff to unnecessarily expend countless hours seeking critical documents from non-parties, who likewise were unnecessarily forced to expend time and resources to produce documents and witnesses as a direct result of AT&T's conscious non-compliance with its discovery obligations.

12. The undersigned counsel certifies that a reasonable and good faith effort has been made to meet and confer with AT&T in order to resolve this dispute without success.

---

[2] Given that the discovery end date for all discovery other than the deposition of Jophelia Kirkland expires on today's date, Plaintiff reasonably determined that it would be prudent to bring this matter to the Court's attention in advance of the discovery end date. Should AT&T provide Plaintiff with the document sought while this motion is pending, Plaintiff will, of course, withdraw the instant motion.

13.    For the foregoing reasons, Plaintiff respectfully requests that this Court order AT&T to produce the latest or most recent version, in native or a reasonably usable and searchable format, of the spreadsheet(s) in AT&T's possession which was provided to AT&T by IDT in relation to the problem associated with AT&T CIC network shutdown.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

*/s/ Gregory Gorski*
MARK MAILMAN
JOHN SOUMILAS
GREGORY GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

Attorneys for Plaintiff

Dated: April 14, 2011