**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DENNIS VAN VEEN | ) |
| | ) |
|               **Plaintiff,** | )    Civil Action No. 10-1635 |
| vs. | ) |
| | ) |
| AT&T CORP., et al. | ) |
| | ) |
|               **Defendants.** | ) |
| | ) |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT AT&T CORP.'S**
**PROPOSED JURY INSTRUCTIONS AND JURY VERDICT FORM**

In addition to setting forth both an alternative set of jury instructions and jury verdict form, Plaintiff specifically objects to Defendant AT&T Corp.'s ("AT&T's") proposed jury instructions and jury verdict form for the reasons stated herein:

**I. AT&T'S PROPOSED INSTRUCTIONS REGARDING THE ELEMENTS OF PLAINTIFF'S FCRA CLAIM FAIL TO SET FORTH AN APPROPRIATE STANDARD FOR THE JURY TO EVALUATE AT&T'S CONDUCT.**

AT&T sets forth in its proposed jury instructions (*See* Def. Proposed Jury Instructions No. D-11) a legal standard for conducting an investigation under the FCRA that is plainly at odds with the prevailing case law on the subject.[1] For example, the Fourth Circuit concluded in stark contrast to AT&T's proposed instructions that:

> [the furnisher's] agents also testified that, in investigating consumer disputes generally, they do not look beyond the information contained in the CIS and never consult underlying documents such as account applications. Based on this evidence, a jury could reasonably conclude that MBNA acted unreasonably in failing to verify the accuracy of the information contained in the CIS.

---

[1] AT&T erroneously proposes that "[i]n conducting an investigation, the law does not require a furnisher to take extraordinary means to investigate and discover disputed information, but rather calls for a more passive investigation where the data furnisher is determining only the information provided to it matches the information in its records."

*Johnson v. MBNA America Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004). Moreover, AT&T's proposed instructions wholly fail to set forth any instructions to the jury regarding AT&T's obligation to mark the account at issue as "disputed" in connection with a credit reporting dispute. As the Fourth Circuit again points out:

> FCRA requires furnishers to determine whether the information that they previously reported to a CRA is "*incomplete* or inaccurate." § 1681s-2(b)(1)(D) (emphasis added). In so mandating, Congress clearly intended furnishers to review reports not only for inaccuracies in the information reported but also for omissions that render the reported information misleading.
>
> \* \* \*
>
> In sum, given the evidence before it, the jury could reasonably conclude that [the furnisher's] decision to report the debt without *any* mention of a dispute was "misleading in such a way and to such an extent that it can be expected to have an adverse effect." The district court did not err in so holding.

*Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142, 148-150 (4th Cir. 2008) (citations omitted). *See also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1164 (9th Cir. 2009); *Shames-Yeakel v. Citizens Financial Bank*, 677 F. Supp. 2d 994, 1004 (N.D. Ill. 2009); *DiPrinzio v. MBNA America Bank, N.A.*, 2005 WL 2039175, at *4 (E.D. Pa. Aug. 24, 2005) (furnisher's failure to note consumer dispute on credit report can be willful violation of FCRA Section 1681s-2(b)).

AT&T further has not proffered a single case that supports the language set forth in its proposed instructions. Even the single case cited by AT&T contradicts the instructions it proposes. The court in *Krajewski v. American Honda Finance Corp.*, 557 F. Supp. 609 (E.D. Pa. 2008), notably said that a furnisher is obliged to look beyond its account records when "other issues not identifiable from the face of [the furnisher's] records" exist. *See id.* at 609. The circumstances relating to Plaintiff's credit reporting disputes present a paradigm example of

when "other issues" would call for a furnisher to look beyond its records.[2] Accordingly, AT&T's proposed instructions on this subject should be disregarded.

## II. AT&T'S PROPOSED INSTRUCTIONS REGARDING THE "WILLFULNESS" STANDARD UNDER FCRA ARE PLAINLY AT ODDS WITH HOLDING OF THE UNITED STATES SUPREME COURT.

AT&T has authored an instruction on "willfulness" under the FCRA that is plainly at odds with the holding of the United States Supreme Court on this very subject.[3] *See* Def. Proposed Jury Instruction Nos. D-13 and D-18.  In *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007), the Supreme Court in deciding what standard for willfulness shall apply under the FCRA stated:

> [The Defendants] argue that liability under § 1681n(a) for "willfully fail[ing] to comply" with FCRA goes only to acts known to violate the Act, not to reckless disregard of statutory duty, but we think they are wrong. . . . This construction reflects common law usage, which treated actions in "reckless disregard" of the law as "willful" violations.  The standard civil usage thus counsels reading the phrase "willfully fails to comply" in § 1681n(a) as reaching reckless FCRA violations.

*Id.* at 56-58.  Accordingly, AT&T's instructions, which erroneously suggest that AT&T must act knowingly or with a specific intent to violate the law, should be disregarded on this subject.

## III. AT&T'S INSTRUCTIONS ERRONEOUSLY MISSTATE THE CRITERIA FOR RECOVERABLE DAMAGES UNDER THE FCRA.

AT&T first misstates that "mere denial of or delay in granting credit does not constitute damage."  *See* Def. Proposed Jury Instruction No. D-17.  On the contrary, the denial of credit or the loss of credit opportunities are indeed damages that Plaintiff may recover for even without

---

[2] All other cases cited by AT&T fail to even discuss the scope of a reasonable investigation conducted by a furnisher.

[3] AT&T erroneously proposes "the term 'willfulness' means an omission or failure to do an act voluntarily and intentionally, and with specific intent to fail to do something the law requires to be done, in other words, with a purpose either to disobey or disregard the law."

providing a specifically defined economic loss. *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 719 (3d Cir. 2010) ("damages for violations of the FCRA allow recovery for humiliation and embarrassment or mental distress even if the plaintiff has suffered no out-of-pocket losses") (*citing Philbin v. Trans Union and Equifax Corp.*, 101 F. 3d 957, 963 n.3 (3d Cir. 1996)); *Bach v. First Union Nat. Bank*, 149 Fed. Appx. 354, 361 (6th Cir. 2005) (finding that district court properly relied on plaintiff's receipt of less favorable mortgage terms and denial of a credit card a source of actual damages); *Lawrence v. Trans Union LLC*, 296 F. Supp. 2d 582, 588 (E.D. Pa. 2003) ("The loss of credit opportunities constitutes compensable harm under the FCRA."). AT&T also fails to offer any legal support for this instruction. AT&T's proposed instruction on this subject as such should be disregarded.

AT&T further erroneously states that "Plaintiff must offer evidence providing a degree of specificity" and then erroneously insinuates that Plaintiff is obliged to provide "medical or psychological evidence" to support his claim for emotional distress. *See* Def. Proposed Jury Instruction No. D-17. This proposed instruction is similarly a misstatement of the applicable law. The Third Circuit has recently stated that:

> . . . we have not adopted, and now refuse to adopt, the Fifth Circuit's standard requiring "a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of the damage award." *Cousin*, 246 F.3d at 371 (quotation omitted). Such corroboration goes only to the weight of evidence of injury, not the existence of it. If a jury accepts testimony of a plaintiff that establishes an injury without corroboration, the plaintiff should be allowed to recover under the FCRA. The fact that the plaintiff's injuries relate to the stress and anxiety caused by the defendant's conduct does not change that. This is precisely the kind of injury that Congress must have known would result from violations of the FCRA.

*Cortez v. Trans Union, LLC*, 617 F.3d 688, 720 (3d Cir. 2010). AT&T's proposed instructions in this regard are unambiguously at odds with the Third Circuit's binding ruling on this subject.[4] For this reason, AT&T's proposed jury instruction on this subject should also be disregarded.

IV. **AT&T MISSTATES THE LEGAL STANDARD UNDER WHICH A JURY SHOULD DETERMINE WHETHER AT&T'S MISCONDUCT WAS A SUBTANTIAL FACTOR IN CAUSING PLAINTIFF'S DAMAGES.**

AT&T erroneously proposes that a substantial factor analysis requires the jury to conclude either that "Plaintiff would not have suffered the damages without AT&T's individual conduct; or AT&T's individual conduct by itself was a sufficient to cause the damages suffered by Plaintiff." *See* Def. Proposed Jury Instruction No. D-15. These "but for"-type causation instructions present that false picture that Plaintiff is required to prove his damages with pinpoint precision. The Third Circuit, however, has rejected this contention:

> . . . the district court erred by assuming that Philbin could satisfy his burden only by introducing direct evidence that consideration of the inaccurate entry was crucial to the decision to deny credit. While [the plaintiff's] case might have been stronger had he deposed or taken affidavits of those responsible for the decision, such evidence is not essential to make out a prima facie case
>
> \* \* \*
>
> We note also that the district court's language might be understood as imposing a burden on a FCRA plaintiff of proving that the inaccurate information was the *sole* cause of the denial of credit. We reject such a view as inconsistent with traditional notions of tort law and the reality of human decision-making. While a plaintiff must prove that the inaccurate entry was "a substantial factor in bringing about" the denial of credit, . . . he need not eliminate the possibility that "correct adverse entries or any other factors," . . . also entered into the decision to deny credit.
>
> Forcing a plaintiff affirmatively to rule out other explanations for the credit denial ignores the fact that decisions to deny credit will frequently have more than one cause. . . .

---

[4] AT&T's only support for it erroneous instruction is the very case that the Third Circuit specifically refused to adopt, *Cousins v. TransUnion Corp.*, 246 F.3d 359 (5th Cir. 2001).

> Courts have recognized that where a decision-making process implicates a wide range of considerations, all of which factor into the ultimate decision, it is inappropriate to saddle a plaintiff with the burden of proving that one of those factors was *the* cause of the decision.

*Philbin v. Trans Union Corp.*, 101 F.3d 957, 968-69 (3d Cir. 1996). AT&T's instructions would be leading the jury in the exact opposite direction that the Third Circuit had laid out in *Philbin*. For this reason, AT&T instructions on this subject should be disregarded.

### V. AT&T'S PROPOSED JURY INSTRUCTION AND VERDICT FORM QUESTION ON "MITIGATION" IS UNSUPPORTED BY THE FACTS OF THIS CASE.

AT&T proposes a jury instruction on Plaintiff's supposed failure to mitigate his damages, and likewise, presents a proposed verdict form question in similar fashion. *See* Def. Proposed Jury Instruction No. D-20; Def. Proposed Verdict Form Question Nos. 11 & 16.[5] No evidence has been proffered by any party or non-party in this case that even suggests that Plaintiff has purportedly failed to mitigate the damages for which he is claiming. As such, an instruction of this kind would serve no purpose and lead to unnecessary confusion of the jury given that no evidence exists on this subject. Accordingly, AT&T's proposed instructions and verdict form questions on this subject should be disregarded.

### VI. AT&T PROPOSES BIASED GENERIC INSTRUCTIONS UNSUPPORTED BY THE MODEL INSTRUCTIONS OF THE THIRD CIRCUIT.

AT&T proposes two instructions (*See* Def. Proposed Jury Instructions Nos. D-4 & D-16) that are unsupported by any case law, not included in the model civil jury instructions of the Third Circuit in any manner, and are clearly designed to garner false sympathy for AT&T as a corporate defendant and obfuscate the significance of deciding damages in this lawsuit. Both instructions are prejudicial to Plaintiff and will lead to biases among the jury about corporations

---

[5] AT&T's submission does not contain a Question No. 16, but based upon the ordering of the document Question No. 16 appears to be the logical number for the applicable question about mitigation proposed.

and a false understanding of the damages claims in this lawsuit. Accordingly, both instructions should be disregarded.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court disregard AT&T's proposed instructions numbered D-4, D-11, D-13, D-15, D-16, D-17, D-18 and D-20. Plaintiff further respectfully requests that the Court disregard AT&T's proposed verdict form questions numbered 10, 11.

Respectfully Submitted,

*/s/ Gregory Gorski*
GREGORY GORSKI
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

Attorneys for Plaintiff

Dated: May 27, 2011

**CERTIFICATE OF SERVICE**

I, **GREGORY GORSKI**, do hereby certify that on this 27th day of May, 2011, I caused a true and correct copy of Plaintiff's Objections to Defendant AT&T Corp.'s Proposed Jury Instructions and Jury Verdict Form to be served by ECF Notification or Overnight Mail upon the following counsel of record:

Martin C. Bryce, Jr., Esquire
Cecilia Isaacs-Blundin, Esquire
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
bryce@ballardspahr.com
isaacsblundinc@ballardspahr.com

*(via ECF Notification only)*

Howard Spierer, Esquire
AT&T Services, Inc.
One AT&T Way
Room 3A213
Bedminster, NJ  07921
hs2372@att.com

*(via Overnight Mail only)*

*Attorneys for Defendant
AT&T Corp.*

**FRANCIS & MAILMAN, P.C.**

*/s/ Gregory Gorski*
GREGORY GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

Dated: May 27, 2011                    Attorneys for Plaintiff