**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DENNIS VAN VEEN** )<br>)<br>            **Plaintiff,** )<br>   **vs.**  )<br>)<br>**AT&T CORP., et al.** )<br>)<br>            **Defendants.** )<br>) | Civil Action No. 10-1635 |

**PLAINTIFF'S AMENDED PROPOSED JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. P-1**

The Plaintiff in this case, Dennis Van Veen, makes two claims against AT&T Corporation. Mr. Van Veen first claims that AT&T violated the federal Fair Credit Reporting Act, also known as the FCRA, when it verified to the consumer reporting agencies that the AT&T account on Plaintiff's credit report was accurately reporting as charged off and also by failing to report the account as "disputed" by Mr. Van Veen to the credit reporting agencies. Mr. Van Veen claims that it was AT&T's duty under the law to reasonably investigate and to delete or correct the disputed AT&T account by deleting it from his credit report. Mr. Van Veen further claims that AT&T should have marked the account as "disputed by the consumer" on his credit report if AT&T was not going to delete the account. Mr. Van Veen also claims that AT&T violated the Pennsylvania debt collection law commonly known as the FCEUA when it attempted to collect money from him for the subject account and also by placing that account on his credit report. AT&T claims that it did not violate the law.

## **JURY INSTRUCTION NO. P-2**

The Fair Credit Reporting Act was prompted by "congressional concern over abuses in the credit reporting industry." The legislative history of the FCRA reveals that it was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.

*Philbin v. Trans Union and Equifax Corp.*, 101 F. 3d 957, 962 (3d. Cir. 1996); *Guimond v. Trans Union*, 45 F.3d 1329, 1933 (9th Cir. 1995).

## **JURY INSTRUCTION NO. P-3**

Under the FCRA, AT&T, as a corporation that furnishes or provides credit information to credit reporting agencies, is obligated to delete, modify or permanently block the reporting of inaccurate information after receiving notice from a credit reporting agency that a consumer such as Mr. Van Veen disputes the information.

*Johnson v. MBNA America Bank, NA*, 357 F.3d 426, 429 (4th Cir. 2004); *Evantash v. G.E. Capital Mortg. Servs., Inc.*, 2003 WL 22844198, *6 (E.D. Pa. Nov. 25, 2003); *Cosmas v. American Exp. Centurion Bank*, 2010 WL 2516468, *10 (D.N.J. June, 14, 2010).

## JURY INSTRUCTION NO. P-4

AT&T fails to meets this obligation either by verifying information that is patently inaccurate and by omitting information that renders the reported information materially misleading. An omission of information is materially misleading if it can be expected to have an adverse affect on the consumer. Failing to mark an account as "disputed by the consumer" when responding to a consumer dispute received from a credit reporting agency is a materially misleading omission.

*Saunders v. Branch Banking And Trust Co. of VA*, 526 F.3d 142, 148 (4th Cir. 2008); *Gorman v. Wolpoff & Abramson, LLP* 584 F.3d 1147, 1164 (9th Cir. 2009); *Shames-Yeakel v. Citizens Financial Bank*, 677 F.Supp.2d 994, 1004 (N.D. Ill. 2009); *DiPrinzio v. MBNA America Bank, N.A.,*. 2005 WL 2039175, *4 (E.D. Pa., Aug. 24, 2005).

## **JURY INSTRUCTION NO. P-5**

AT&T further is required to conduct a reasonable investigation before responding to a consumer dispute received from a credit reporting agency.

*Gorman v. Wolpoff & Abramson, LLP* 552 F.3d 1008, 1017 (9th Cir. 2009); *Johnson v. MBNA America Bank, NA*, 357 F.3d 426, 430-31 (4th Cir. 2004); *Agosta v. Inovision, Inc.*, 2003 WL 22999213, *5 (E.D. Pa. Dec. 16, 2003); *Evantash v. G.E. Capital Mortg. Servs., Inc.*, 2003 WL 22844198, *6 (E.D. Pa. Nov. 25, 2003).

## JURY INSTRUCTION NO. P-6

Therefore, after AT&T was notified by a consumer reporting agency about Mr. Van Veen's dispute, AT&T was required to do the following:

(1)  conduct a reasonable investigation with respect to the disputed AT&T account at issue;

(2)  delete the account or modify the account information found to be inaccurate, incomplete or which could not be verified; and

(3)  mark that the account was "disputed by the consumer" if AT&T does not delete the account.

If you find that AT&T failed to meet any one of these requirements you must find in favor of Mr. Van Veen.

15 U.S.C. §1681s-2(b); *Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142, 148 (4th Cir. 2008); *Armour v. Sallie Mae, Inc.* 2010 WL 3724524, *2 (D.N.J. Sept. 14, 2010); *Alves v. Verizon*, 2010 WL 2989988, at *9 (D.N.J. July 27, 2010); *Dimedio v. HSBC Bank*, 2009 WL 1796072, at *3 (D.N.J. June 22, 2009); *Martinez v. Granite State Management and Resources*, 2008 WL 5046792, *3 (D.N.J. Nov. 20, 2008).

## **JURY INSTRUCTION NO. P-7**

You should determine whether AT&T conducted a reasonable investigation by considering what a reasonably prudent person would do or would not do under the circumstances in conducting an investigation of Mr. Van Veen's dispute.

Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions*, § 92.05; *Philbin v. Trans Union*, 101 F. 3d 957, 963 (3d Cir. 1996).

## **JURY INSTRUCTION NO. P-8**

You may conclude that AT&T's investigation was unreasonable if AT&T's investigation involved only a brief review of its computer records or if AT&T did not look beyond the information contained in its customer service computer system or if AT&T did not consult any underlying documents such as billing records and prior disputes records.

*Johnson v. MBNA America Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004).

## JURY INSTRUCTION NO. P-9

For actions brought under the Fair Credit Reporting Act, harm or damage is considered caused by an act, or a failure to act, whenever it appears from the evidence that the act or omission was a substantial part or factor in bringing about or actually causing the harm or damage. It is not necessary that the act was the sole or primary cause of the harm.

Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions*, §§ 80.18 and 92.06; *Philbin v. Trans Union*, 101 F. 3d 957, 968 (3d Cir. 1996).

**JURY INSTRUCTION NO. P-10**

If you find that AT&T violated any of its legal duties under the FCRA, and that the AT&T's actions or omissions were a substantial factor in causing harm to Mr. Van Veen, then your duty is to determine the amount of money that reasonably, fairly, and completely compensates Mr. Van Veen for the damages which you decide resulted from the AT&T's conduct.

Under the FCRA, a plaintiff may recover his "actual damages," which has a special meaning. "Actual damages" under the FCRA can be one or more of the following:

**(1)** **Economic or Financial Losses**. This type of actual damages consists of out-of-pocket or monetary losses that the plaintiff already incurred, will incur into the future, or both.

**(2)** **Loss of Credit Opportunities**. This type of actual damages consists of lost loans or other credit opportunities, regardless of whether these missed credit opportunities resulted in out-of-pocket or monetary losses for the plaintiff. This type of damages focuses upon a plaintiff's inability to use his or her credit or to obtain new credit.

**(3)** **Credit Defamation.** This type of actual damages consists of harm to the plaintiff's credit rating, credit reputation and/or good name.

**(4)** **Emotional Distress**. This type of actual damages is broad in nature. It can consist of any stress, anxiety, humiliation, embarrassment, and/or mental anguish, or combination thereof, suffered by the plaintiff as result of AT&T's failure to comply with the FCRA. You may also take into account the time Mr. Van Veen spent trying to resolve the problems with AT&T.

If the evidence in this case warrants such a finding, you must award to plaintiff fair and complete monetary compensation for each of the foregoing four (4) categories of actual damages.

**As to economic loss**:

*Casella v. Trans Union*, 56 F.3d 469 (2d Cir. 1995); *Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995).

**As to lost credit opportunities**:

*Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Bach v. First Union Nat'l Bank*, 149 Fed. Appx. 354, 360 (6th Cir. 2005); *Dixon-Rollins v. Experian Information Solutions, Inc.*, 2010 WL 3749454, at *6 (E.D. Pa. Sept. 23, 2010); *Lawrence v. Trans Union, LLC*, 296 F. Supp. 2d 582, 588-89 (E.D. Pa. 2003) (*citing Philbin*, 101 F.3d at 957 *Rothery v. Trans Union,* 2006 WL 1720498 (D. Or. Apr. 6, 2006); *O'Brien v. Equifax*, 382 F. Supp. 2d 733, 734-35 (E.D. Pa. 2005).

**As to credit defamation**:

*Dalton v. Capital Assoc.*, 257 F.3d 409, 418-19 (4th Cir. 2001); *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983); *Millstone v. O' Hanlon Reports, Inc.*, 529 F.2d 829, 834-35 (8th Cir. 1976); *Dixon-Rollins v. Experian Information Solutions, Inc.* 2010 WL 3749454, *6 (E.D. Pa. Sept 23, 2010).

**As to emotional distress:**

*Cortez v. Trans Union, LLC*, 617 F.3d 688, 719 (3d Cir. 2010); *Cushman v. Trans Union Corp.,* 115 F.3d 220, 225-27 (3d Cir. 1997); *Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983); *Casella v. Trans Union*, 56 F.3d 469 (2d Cir. 1995); *Bryant v. TRW, Inc.*, 689 F.2d 72 (6th Cir. 1982); *Dalton v. Capital Assoc.*, 257 F.3d 409, 418-19 (4th Cir. 2001); *Lawrence v. Trans Union, LLC*, 296 F. Supp. 2d 582, 588-89 (E.D. Pa. 2003); *Evantash v. G.E. Capital Mortgage Servs., Inc.*, Civ., 2003 WL 22844198, at *5 (E.D. Pa. Nov. 25, 2003); *Crane v. Trans Union, LLC*, 282 F. Supp. 2d 311, 321 (E.D. Pa. 2003);

*Sheffer v. Experian Info. Solutions, Inc.*, 2003 WL 21710573, at *3 (E.D. Pa. July 24, 2003);

*Lukens v. Dunphy Nissan, Inc.*, 2004 WL 1661220, at *5 (E.D. Pa. July 26, 2004).

**JURY INSTRUCTION NO. P-11**

The outright denial of credit is not necessary in order for you to award actual damages under the FCRA for economic or financial losses, credit defamation or emotional distress. A denial of credit is also not necessary in order for you to award damages for lost credit opportunities. An offer of credit which has an interest rate or other material term that is adversely impacted by the defendant's unlawful conduct can constitute a lost credit opportunity.

*Cortez v. Trans Union, LLC* 617 F.3d 688, 719 (3d Cir. 2010); *Bach v. First Union National Bank*, 149 Fed. Appx. 354, 360 (6th Cir. 2005); *Guimond v. Trans Union Credit Corporation*, 45 F.3d 1329, 1333 (9th Cir. 1995).

**JURY INSTRUCTION NO. P-12**

There is no fixed standard or measure in the case of intangible items such as anxiety, humiliation, embarrassment and emotional distress. You must determine a fair and adequate award of these items of harm using your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

In an FCRA case, a person may recover for anxiety, humiliation, embarrassment and emotional distress based upon his or her own subjective testimony about his or her feelings. He or she does not have to introduce expert, medical or other testimony.

*Cortez v. Trans Union, LLC*, 617 F.3d 688, 720 (3d Cir. 2010); *Dixon-Rollins v. Experian Information Solutions, Inc.*, 2010 WL 3749454, at *5 (E.D. Pa. Sept. 23, 2010).

## **JURY INSTRUCTION NO. P-13**

The FCRA also permits to you to assess punitive damages against AT&T if you find that AT&T's conduct was in willful violation of the FCRA. You may find that AT&T conduct willful if AT&T's failure to comply with the FCRA was due to a reckless disregard of the plaintiff's consumer rights. You do not need to find that AT&T acted knowingly, intentionally, maliciously or that AT&T possessed an evil motive to harm Mr. Van Veen.

*Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56-57 (2007).

## **JURY INSTRUCTION NO. P-14**

The purpose of punitive damages is not to compensate Mr. Van Veen for the harm he suffered. Instead, punitive damages are meant to punish AT&T's willful violation of the law and to deter AT&T from doing the same thing in the future. In determining the amount of punitive damages to assess against AT&T, some of the factors you may consider include the remedial purpose of the FCRA as well as AT&T's wealth.

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003); *Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142, 148 (4th Cir. 2008); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 227 (3d Cir. 1997); *Sheffer v. Experian Information Solutions, Inc.*, 2003 WL 21710573, at *3 (E.D. Pa. July 24, 2003); *Crane v. Trans Union, LLC*, 282 F. Supp. 2d 311, 321 (E.D. Pa. 2003).

**JURY INSTRUCTION NO. P-15**

If you find that AT&T failed to comply with its duties under the FCRA, there is no other party that can be held liable in this civil action other than AT&T. Also, you may not assume that any other party about whom you may have heard testimony has to compensate Mr. Van Veen for any harm that you found was substantially caused by AT&T's conduct in this case.

*Texas Instruments Inc. v. Radcliff Material, Inc.*, 451 U.S. 630, 638 (1981); *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 90-91 (1981); Fed. R. Civ. P. 408; *McMillan v. Equifax Credit Information Services, Inc.*, 153 F. Supp. 2d 129, 132 (D. Conn. 2001); *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1058 (N.D. Cal. 2000); *Conner v. Howe*, 344 F. Supp. 2d 1164 (S.D. Ind. 2004); *Kerr v. Wanderor & Wanderor*, 211 F.R.D. 625, 632 (D. Nev. 2002); *Kay v. First Continental Trading, Inc.*, 966 F. Supp. 753, 754-55 (N.D. Ill. 1997); *Betts v. Equifax Credit Information Servs.*, 245 F. Supp. 2d 1130, 1136 (W.D. Wash. 2003).

## JURY INSTRUCTIONS NO. P-16

Part of the facts presented in this case involves Mr. Van Veen's claim that he was victim of "slamming" by AT&T in 2007. You do not need to determine whether or not Mr. Van Veen was in fact the victim of "slamming" in your deliberations. You should, however, that "slamming" is an illegal practice whereby a person's telephone provider is changed by another company without that person's permission. The person who is the victim of "slamming" is not required to pay any charges assessed by transferring company for services resulting from slamming for up to 30 days.  You should also understand that it does not matter whether the "slamming" occurs as a result of a mistake or is done intentionally, in either instance the person who was the victim of "slamming" is not obligated to pay any charges assessed by the transferring company for services resulting from slamming for up to 30 days after the wrongful transfer of phone service.

47 U.S.C. § 258; *In the Matter of AT&T Communications, Inc.*, FCC Opinion 00-446 (Dec. 21 2000).

Respectfully Submitted,

*/s/ Gregory Gorski*
GREGORY GORSKI
**FRANCIS & MAILMAN, P.C.**
 Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

Attorneys for Plaintiff

Dated: August 26, 2011

**CERTIFICATE OF SERVICE**

I, **GREGORY GORSKI**, do hereby certify that on this 26th day of August, 2011, I caused a true and correct copy of Plaintiff's Amended Proposed Jury Instructions to be served by ECF notification upon the following counsel of record:

Martin C. Bryce, Jr., Esquire
Cecilia Isaacs-Blundin, Esquire
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
bryce@ballardspahr.com
isaacsblundinc@ballardspahr.com

*Attorneys for Defendant
AT&T Corp.*

**FRANCIS & MAILMAN, P.C.**

*/s/ Gregory Gorski*
GREGORY GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

Attorneys for Plaintiff