**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DENNIS VAN VEEN**  )<br>)<br>  **Plaintiff,**  )<br>vs.  )<br>)<br>**AT&T CORP., et al.**  )<br>)<br>  **Defendants.**  )<br>) | Civil Action No. 10-1635 |

**PLAINTIFF'S AMENDED PRETRIAL MEMORANDUM**

Plaintiff Dennis Van Veen, by undersigned counsel, submits this Pretrial Memorandum in accordance with Local Rule 16.1(c).

**I.  NATURE OF THE ACTION AND JURISDICTION**

This is an action for damages brought by an individual consumer against the Defendant AT&T Corp. ("AT&T") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, *as amended*. Jurisdiction of this Court arises under 15 U.S.C. §§ 1681p and 28 U.S.C. § 1331.

**II.  STATEMENT OF FACTS**

**A.  Factual Background**

Plaintiff is a former Lieutenant Commander in the Navy who retired in 2007. Plaintiff now works as a private consultant advising the government on various defense department initiatives. Plaintiff currently resides in Southampton, Pennsylvania and has lived there for over a decade. Plaintiff also has perfect credit.

In or around May 2007, Plaintiff began receiving bills from Defendant AT&T charging him exorbitant rates for long distance calls that he placed in the months of April and May. Plaintiff, however, did not receive his long distance telephone service from AT&T. Plaintiff

received his long distance services from IDT Corporation ("IDT"). AT&T did not provide Plaintiff with any telephone, cellular phone or internet service at all. Plaintiff as such had no contractual relationship whatsoever with AT&T. Plaintiff further never authorized any change of his long distance carrier from IDT to AT&T.

The circumstance where a telephone company transfers service without a consumer's permission or authorization is commonly referred to as "slamming" and is a violation of federal law. When slamming occurs, the consumer is not responsible to pay any charges assessed by the transferring company (in this case AT&T). Accordingly, Plaintiff had no legal responsibility to pay AT&T anything at all for the charges that AT&T assessed against him.

Between May 2007 and March 2009, Plaintiff made numerous attempts to remedy the problem with AT&T including: making numerous telephone calls to AT&T customer service, sending written complaint letters to AT&T, sending complaints to the Pennsylvania Attorney General, and sending complaints to the Pennsylvania Public Utility Commission. Despite Plaintiff's laborious attempts to resolve this problem, AT&T refused to retract the charges assessed against Plaintiff.[1] In the meantime, AT&T waged a relentless collection campaign against Plaintiff. This included numerous collection letters, collection calls to Plaintiff's home that lasted for over a year, and, worst of all, falsely reporting to all three major credit reporting agencies that Plaintiff possessed an unpaid and charged-off account with AT&T.[2]

It was not until Plaintiff complained to the Federal Communication Commission in March 2009 alleging that he was the victim of slamming that AT&T finally retracted the charges

---

[1]   AT&T agreed only to modify the amount Plaintiff purported owed from approximately $200 to $64.

[2]   Reporting an account as "charged-off" is effectively the most derogatory designation that a credit account can receive.

it assessed against Plaintiff. Nonetheless, even after retracting the charges, AT&T remarkably continued to report the account to all three credit reporting agencies as a delinquent charged-off debt. Plaintiff was then forced to dispute the account to all three credit reporting agencies requesting deletion of the account. Each credit reporting agency (Experian, Equifax & Trans Union) provided AT&T with notice of the dispute. In each instance, AT&T falsely verified to the credit reporting agencies the highly derogatory and false "account."[3] AT&T did not even satisfy the minimum duty it has under the FCRA – acknowledging that an account is "disputed" by the consumer. Plaintiff as such was left with no other option other than to file the instant lawsuit to remedy the problem.

**B. AT&T's Liability**

Based on the factual circumstances described above, AT&T has both negligently and willfully violated FCRA Section 1681s-2(b) by failing to conduct a reasonable investigation with respect to the Plaintiff's dispute to the three major credit reporting agencies and failing to delete the inaccurate account. *See Plaintiff's Amended Proposed Jury Instructions*, Dkt. No. 130. Plaintiff further contends that AT&T's response to Plaintiff's dispute was inadequate because it failed to even minimally mark the account as disputed as required by the FCRA.[4] *See Saunders v. Branch Banking and Trust Company*, 526 F.3d 142 (4th Cir. 2008) (punitive damages upheld for same violation); *Shames-Yeakel v. Citizens Bank*, 677 F. Supp. 2d 994 (N.D. Ill. 2009); *Gorman v. Wolpoff & Abramson, et al.*, 584 F.3d 1147 (9th Cir. 2009).

---

[3] In August 2009, AT&T even falsely assessed against Plaintiff yet another fee of $10 and then actually verified to Equifax that Plaintiff owed AT&T another $10 as well.

[4] The significance in reporting the account as "disputed" is two-fold. First, it advises potential creditors that the reporting of this account may be factually inaccurate. Second, credit scoring models will typically not count an account if it is reported in such a manner.

### C. Plaintiff's Damages

(1)   *Actual Damages*

It is well-settled law that the FCRA permits a consumer to recover damages for economic losses and loss of credit opportunities. *See Plaintiff's Amended Proposed Jury Instructions*, Dkt. No. 130. The FCRA likewise permits recovery for damage to credit reputation as well as embarrassment, humiliation and other forms of emotional distress without the need for medical testimony. *See id.* The FCRA further permits punitive damages in any case of a willful violation of the Act. *See id.* Furthermore, the FCRA mandates attorney's fees and costs for any successful action to enforce liability. *See id.*

The primary component of Plaintiff's actual damages claim derives from the damage to his credit reputation and the emotional distress from AT&T's constant harassment of Plaintiff over a debt he did not even owe to AT&T along with its unrelenting refusal to remedy the problem despite Plaintiff's repeated attempts to do so. Plaintiff notably failed to receive a home equity loan from the creditor Navy Federal Credit Union ("NFCU") at its preferred interest rates (7.25% v. 7.75%). Plaintiff was embarrassed and humiliated to learn from an NFCU representative directly that the AT&T account caused him to be denied for NFCU's preferred interest rate.

(2)   *Punitive Damages*

Plaintiff also contends that punitive damages should be assessed against AT&T. This contention is justified based on the facts showing that AT&T's policies and procedures in connection with conducting investigations of credit reporting disputes are reckless, and thus, in willful violation of the FCRA. Specifically, two witnesses responsible for conducting investigations (Maria Page and Lourdes Jaeger), confirmed that it is AT&T's policy to verify

each and every credit reporting dispute made by a consumer by confirming that the account has been "charged-off" regardless of the circumstances.  These witnesses also testified that it is AT&T's policy not to report any account as "disputed" after a dispute has been waged regardless of the circumstances.  These policies result in no investigation of the consumer's dispute at all by AT&T and a categorical failure to comply with its obligation to mark accounts as disputed.  In effect, AT&T has completely abrogated a consumer's rights under the FCRA, including Plaintiff's.

Moreover, AT&T's false billing of Plaintiff was not an isolated incident.  AT&T in fact falsely billed hundreds if not thousands of IDT customers in mid-2007 in connection with a planned shutdown of a portion of AT&T's network that IDT used for its customers to place long distance telephone calls.  Testimony from a corporate representative of IDT along with IDT documents show that the problem was entirely of AT&T's own doing.  AT&T, however, falsely misrepresented to the FCC in connection with Plaintiff's slamming complaint that the problem was caused by IDT.  Other IDT customers had actually logged complaints with the FCC prior to Plaintiff's complaint where the FCC found that AT&T had committed slamming under very similar circumstances and ordered AT&T to retract all charges levied against these consumers.  AT&T, however, continued its unrelenting collection activities against Plaintiff despite these findings by the FCC.

AT&T also has a long history of slamming consumers.  In 2000, AT&T was fined $520,000 by the FCC for its conduct in connection with slamming and the FCC received nearly a thousand consumer complaints against AT&T.

### III. MONETARY DAMAGES CLAIMED

Plaintiff claims that he sustained monetary damages in connection with a loan he received from Navy Federal Credit Union in December 2008 wherein Plaintiff received an interest rate of 7.75% as opposed to a preferred interest rate of 7.25% thus forcing Plaintiff to make higher interest payments on the loan.

### IV. WITNESSES

(1)  Dennis Van Veen
     41328 Jeanette Way
     Southampton, PA 18966

     Liability and Damages

(2)  Lourdes Jaeger
     NCO Financial Systems, Inc.
     4275 Bridgeview Drive
     North Charleston, SC 29405

     Liability

(3)  Maria Page
     NCO Financial Systems, Inc.
     4275 Bridgeview Drive
     North Charleston, SC 29405

     Liability

(4)  Shalom Shaya Schwartz
     IDT Corporation
     520 Broad Street
     Newark, NJ 07102

     Liability

(5)  Stephen Samaroo
     AT&T Corporation
     One AT&T Way
     Bedminster, NJ 07921

     Liability

(6)   Rebecca Raso
      AT&T Corporation
      One AT&T Way
      Bedminster, NJ 07921

      Liability

(7)   Minder Singh
      Navy Federal Credit Union
      1445 Brace Road
      Cherry Hill, NJ 08002

      Damages

(8)   Stephen Newnom
      Trans Union, LLC
      1510 Chester Pike
      Crum Lynne, PA 19022

      Liability

(9)   Jason Scott
      Experian Information Solutions, Inc.
      601 Experian Parkway
      Allen, TX 75013-3701

      Liability

(10)  Vicki Banks
      Equifax Information Services, LLC
      1550 Peachtree Street NE
      Atlanta, GA 30309

      Liability

## V.  EXHIBITS

| Ex. No. | Description | Bates No., if any |
|---|---|---|
| P-1 | AT&T Statement Ending May 16, 2007 | VAN VEEN 1-4 |
| P-2 | AT&T Statement Ending June 16, 2007 | VAN VEEN 5-8 |
| P-3 | AT&T Statement Ending July 16, 2007 | VAN VEEN 9-11 |
| P-4 | AT&T Statement Ending August 16, 2007 | VAN VEEN 12-15 |
| P-5 | Plaintiff Letter to AT&T – August 18, 2007 | VAN VEEN-17 |
| P-6 | GC Services Letter – September 11, 2007 | VAN VEEN-16 |
| P-7 | Plaintiff Letter to GC Services – September 25, 2007 | ATT-31 |

| P-8 | AT&T Letter to Plaintiff – December 23, 2008 | VAN VEEN-22 |
|---|---|---|
| P-9 | Printout of Complaint to PUC – January 19, 2009 | VAN VEEN 20-21 |
| P-10 | Slamming Complaint – March 5, 2009 | VAN VEEN 26-28 |
| P-11 | AT&T Statement Ending March 16, 2009 | VAN VEEN 30-31 |
| P-12 | Plaintiff Experian Credit Disclosure – April 1, 2009 | EXVAN 1-17 |
| P-13 | Plaintiff Letter Disputing to Experian – April 20, 2009 & Return Receipt | VAN VEEN 110-111 |
| P-14 | Experian Investigation Result – May 7, 2009 | EXVAN 33-36 |
| P-15 | Plaintiff Letter Disputing to Trans Union – April 20, 2009 & Return Receipt | VAN VEEN 44-45 |
| P-16 | Trans Union Investigation Result – May 2, 2009 | VAN VEEN 46-47 |
| P-17 | Plaintiff Letter Disputing to Equifax – August 11, 2009 & Return Receipt | VAN VEEN 53-54 |
| P-18 | Equifax Investigation Result – August 20, 2009 | VAN VEEN 55-70 |
| P-19 | Typewritten Trackman Entries | N/A |
| P-20 | Trackman Printout | N/A |
| P-21 | Experian ACDV – April 29, 2009 | EXVAN-107 |
| P-22 | Trans Union ACDV – May 1, 2009 | TU-VAN VEEN-21 |
| P-23 | Equifax ACDV – August 18, 2009 | EIS-VAN VEEN-29 |
| P-24 | ACDV Procedure | NCO 115-116 |
| P-25 | AT&T Call Script for IDT Customers Billed by AT&T | ATT 42-46 |
| P-26 | IDT Record – "SDN (0288) SHUTDOWN" | IDT-37 |
| P-27 | IDT Record – "ANC (5438) ISSUES STARTED" | IDT 38-39 |
| P-28 | IDT Letter to FCC – July 24, 2009 | VAN VEEN-29 |
| P-29 | AT&T Letter to FCC – March 24, 2009 | IDT 25-26 |
| P-30 | CACSPlus Window Printout | ATT-41 |
| P-31 | OCA Audit & Tracking History | ATT-40 |
| P-32 | AT&T Printout Statement Ending May 16, 2007 | ATT 1-4 |
| P-33 | AT&T Printout Statement Ending June 16, 2007 | ATT 5-8 |
| P-34 | AT&T Printout Statement Ending July 16, 2007 | ATT 9-11 |
| P-35 | AT&T Account Records | ATT 856-864 |
| P-36 | AT&T Printout Statement Ending March 16, 2009 | ATT 16-19 |
| P-37 | AT&T Printout Statement Ending August 16, 2009 | ATT 20-22 |
| P-38 | AT&T Letter re: FCC Complaint 07-1816 – October 3, 2007 | FCC 200-202 |
| P-39 | FCC Order – November 30, 2007 | FCC 205-208 |
| P-40 | AT&T Petition for Reconsideration | FCC 209-213 |
| P-41 | FCC Order on Reconsideration – April 2, 2008 | FCC 214-217 |
| P-42 | AT&T Letter re: FCC Complaint 07-284747 – Nov. 8, 2007 | FCC 265-267 |
| P-43 | FCC Order – April 4, 2008 | FCC 271-274 |

| | | |
|---|---|---|
| P-44 | AT&T Letter re: FCC Complaint 07-286607 – Dec. 5, 2007 | FCC 288-290 |
| P-45 | FCC Order – May 2, 2008 | FCC 295-298 |
| P-46 | AT&T Letter re: FCC Complaint 07-1897 – January 8, 2007 | FCC 227-229 |
| P-47 | AT&T Letter re: FCC Complaint 07-289052 – Feb. 12, 2008 | FCC 248-250 |
| P-48 | AT&T Letter re: FCC Complaint 07-290875 – Mar. 12, 2008 | FCC 339-341 |
| P-49 | FCC Order – May 14, 2008 | FCC 235-239 |
| P-50 | FCC Notice of Apparent Liability for Forfeiture – Dec. 21, 2000 | FCC 1-16 |
| P-51 | FCC Order on Reconsideration | FCC 29-33 |
| P-52 | Florida Attorney General News Release – April 27, 2004 | FLORIDA AG 4-5 |
| P-53 | Florida Attorney General News Release – April 30, 2004 | FLORIDA AG-6 |
| P-54 | Florida Attorney General News Release – May 20, 2004 | FLORIDA AG-23 |
| P-55 | 2010 Consolidated Balance Sheet of AT&T, Inc. | N/A |
| P-56 | NFCU Equity Loan Application | NFCU 2-5 |
| P-57 | Equifax Mortgage Solutions Credit Report | NFCU 6-16 |
| P-58 | Notice to Home Loan Applicant | NFCU 17-20 |
| P-59 | NFCU Fixed Equity Loan Rate Sheet | N/A |
| P-60 | NFCU Loan Note | NFCU 21-26 |
| P-61 | NFCU Loan Records | NFCU 27-31 |
| P-62 | FCC Order – August 31, 2009 | FCC 34-36 |

## VI.  TRIAL TIME

Plaintiff estimates that the trial of this matter will last 4 days.

## VII.  SPECIAL COMMENTS

### A. Stipulations

The parties intend to stipulate that the "net worth" of AT&T Corp is $10,263,611,000.00.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**


 */s/ Gregory Gorski*
GREGORY GORSKI
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
DATE: August 26, 2011        (215) 735-8600

...

## **CERTIFICATE OF SERVICE**

I, **GREGORY GORSKI**, do hereby certify that on this 26th day of August, 2011, I caused a true and correct copy of Plaintiff's Amended Pretrial Memorandum to be served by ECF notification upon the following counsel of record:

Martin C. Bryce, Jr., Esquire
Cecilia Isaacs-Blundin, Esquire
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
bryce@ballardspahr.com
isaacsblundinc@ballardspahr.com

*Attorneys for Defendant*
*AT&T Corp.*

**FRANCIS & MAILMAN, P.C.**

*/s/ Gregory Gorski*
GREGORY GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

Attorneys for Plaintiff