**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENNIS VAN VEEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Case No. 2:10-cv-01635 |
| EQUIFAX INFORMATION | : | |
| SERVICES, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2012, upon consideration of the Motion
of Defendant AT&T Corp. for Judgment as a Matter of Law, and any response thereto, it is
hereby ORDERED that the Motion is GRANTED.  It is further ORDERED that judgment is
entered in favor of AT&T Corp. as to all remaining counts brought against it in Plaintiff's
Second Amended Complaint.

BY THE COURT:

_____
                                                                          , J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENNIS VAN VEEN,                          :
                                          :
      Plaintiff,            :
                                          :
      v.                    :
                                          :   Case No. 2:10-cv-01635
EQUIFAX INFORMATION                       :
SERVICES, LLC, et al.,                    :
                                          :
      Defendants.           :

## MOTION OF DEFENDANT AT&T CORP.
## FOR JUDGMENT AS A MATTER OF LAW

      Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, Defendant AT&T Corp. (AT&T) hereby moves for judgment as a matter of law as to all remaining counts brought against it in the Second Amended Complaint filed by Dennis Van Veen ("Plaintiff") in this matter.  AT&T respectfully requests that this Court enter judgment in its favor with respect to all remaining claims in Plaintiff's Second Amended Complaint.  The grounds for this Motion are fully set forth in the accompanying Memorandum of Law.

Dated: October 25, 2012

                       /s/ Martin C. Bryce, Jr.
                       Martin C. Bryce, Jr.
                       Keith B. Joseph
                       **Ballard Spahr LLP**
                       1735 Market Street, 51st Floor
                       Philadelphia, Pennsylvania  19103-7599
                       Telephone:  (215) 665-8500
                       Facsimile:  (215) 864-8999

                       *Counsel for Defendant AT&T Corp.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENNIS VAN VEEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Case No. 2:10-cv-01635 |
| EQUIFAX INFORMATION | : | |
| SERVICES, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT AT&T CORP'S. MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, Defendant AT&T Corp. ("AT&T"), by its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion for Judgment as a Matter of Law.

**I.      INTRODUCTION**

In his Second Amended Complaint (*Doc. No. 46*), Plaintiff Dennis Van Veen ("Plaintiff") purports to bring a claim against AT&T for violations of Sections 1681n and 1681o of the Fair Credit Reporting Act ("FCRA").[1]  AT&T maintains that it did not violate the FCRA and that it is not liable to Plaintiff for any amount because its investigation into Plaintiff's dispute to Experian Information Solutions, Inc. ("Experian") was reasonable and, in any event, Plaintiff has suffered no damages as a result of AT&T's conduct.  Therefore, Plaintiff's claim against AT&T fails as a matter of law.  For these reasons, which are more fully set forth below,

---

1       15 U.S.C. §§1681, *et seq.*

this Court should enter judgment in AT&T's favor with respect to all claims brought against it in the Second Amended Complaint.[2]

## II.   ARGUMENT

### A.   Plaintiff Has Not Proven That AT&T Violated The FCRA.

Plaintiff purports to assert a claim under the FCRA but during his case in chief has not satisfied his burden of proof as to each necessary element and, accordingly, AT&T is entitled to judgment in its favor.   The FCRA imposes specific obligations on furnishers of information. Once a credit furnisher, such as AT&T, receives an ACDV, it must conduct an investigation to determine whether its credit reporting was accurate.   *See* 15 U.S.C. § 1681s-2(b).   Once a creditor communicates the findings of its investigation to the credit reporting agency, the creditor has no further responsibility under the FCRA.   *See* 15 U.S.C. § 1681i(a).   It is then up to the credit reporting agency to determine whether or not to revise the consumer's credit report, and report its determination to the consumer.   *Id.*   Plaintiff alleges that AT&T reported inaccurate

---

2        Plaintiff initiated this action against former defendants Experian, Equifax Information Systems LLC ("Equifax"), and Trans Union, LLC ("Trans Union") on April 14, 2010.   *See* Docket Entry 1. Plaintiff filed an Amended Complaint on June 29, 2010 naming Equifax, Experian, Trans Union, and "AT&T, Inc." as defendants.   *See* Docket Entry 18.   On January 28, 2011, Plaintiff filed a Second Amended Complaint against AT&T Corp. and AT&T Credit Management Center.   *See* Docket Entry 46. On March 1, 2011, AT&T timely filed a motion to dismiss Plaintiff's entire Second Amended Complaint. *See* Docket Entry 60.   By Order dated May 18, 2011, AT&T Credit Management Center was dismissed from this action, with prejudice, leaving AT&T Corp. as the sole defendant.   *See* Docket Entry 95.   By Order dated May 17, 2011, Counts II, III, and IV of the Second Amended Complaint (for alleged defamation, invasion of privacy/false light, and negligence) were dismissed with prejudice by joint stipulation.   *See* Docket Entry 91.   By Order dated May 25, 2011, this Court granted AT&T's motion to dismiss in part, thereby dismissing Count V of the Second Amended Complaint (for alleged violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law), leaving only Plaintiff's FCRA claim against AT&T Corp.   *See* Docket Entry 99.   On June 6, 2011, AT&T filed its Answer to Plaintiff's operative Second Amended Complaint.   *See* Docket Entry 104.

AT&T timely filed a motion for summary judgment on Plaintiff's FCRA claim.   *See* Docket Entry 110. On February 14, 2012, the Court granted AT&T's motion for summary judgment with respect to (1) Plaintiff's FCRA claims pertaining to the Trans Union and Equifax credit reports; and (2) Plaintiff's claims of lost credit opportunities and harm to credit reputation.   *See* Docket Entry 158.

information to Experian, which appeared on his credit report; Plaintiff further alleges that AT&T failed to conduct a reasonable investigation following Plaintiff's dispute to the credit reporting agencies. Plaintiff's claim fails as a matter of law for two independent reasons: AT&T's credit reporting was accurate; and, AT&T's investigation of the dispute transmitted to it by Experian was reasonable.

        1.      <u>AT&T's Credit Reporting was Accurate.</u>

When a credit reporting agency communicates a consumer's dispute to a credit furnisher, the furnisher must investigate that dispute to determine if its credit reporting is accurate. 15 U.S.C. § 1681s-2(b). Accordingly, a claim under section 1681s-2(b) of the FCRA is predicated upon some actual inaccuracy in the furnisher's credit reporting. *See, e.g., Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 29 (1st Cir. 2010) ("a § 1681s-2(b) claim requires plaintiff to show ***actual inaccuracies*** that a furnisher's objectively reasonable investigation would have been able to discover") (emphasis added). *Accord Nagle v. Direct Merchants Credit Card Bank, N.A.,* No. 05-3739, 2006 U.S. Dist. LEXIS 29835, at *8 (E.D. Pa. Mar. 23, 2006) ("In order to state a claim pursuant to § 1681s-2(b), a plaintiff should at least allege that he or she sent notice of disputed information to a credit reporting agency, such that the defendant furnisher should have received notice from the agency and yet did not comply with the mandates to investigate and appropriately modify inaccurate or unverified information").

In the present case, Plaintiff has put forth no evidence that AT&T's credit reporting to Experian with respect to Plaintiff's account was inaccurate. The undisputed facts establish that Plaintiff and/or his wife made a series of telephone calls in April and May of 2007, which were

routed over AT&T's network.[3]  In May and June 2007, Plaintiff received bills from AT&T for the 21 phone calls.  *See* Pl. Tr. Exs. 1, 2.  Plaintiff admittedly has never been independently billed by MCI, IDT, or any other carrier besides AT&T for these calls, which were routed through AT&T's network by Plaintiff's own carrier, and Plaintiff admittedly has never paid AT&T or any other entity for any of these calls placed from Plaintiff's home phone number.

As of June 16, 2007, Plaintiff owed $202.18 as a result of his calls routed through AT&T's network.  *See* Pl. Tr. Ex. 2.  In June 2007, AT&T agreed to a courtesy adjustment and issued Plaintiff a $139.63 credit.  *See* Pl. Tr. Ex. 3.  As of August 16, 2007, Plaintiff owed AT&T $64.12.  *See* Pl. Tr. Ex. 4.  In accordance with applicable policies, AT&T wrote off Plaintiff's balance due in December 2007 and, for the first time, reported the account as charged-off shortly thereafter.  *See* Pl. Tr. Ex. 12.  Thus, the facts establish that AT&T only submitted a report to the credit reporting agencies when the account was, in fact, charged off.  On March 12, 2009, AT&T issued another courtesy adjustment of $64.12, leaving a zero balance on Plaintiff's account.  *See* Pl. Tr. Ex. 11.

On May 1, 2009, AT&T informed the three major credit reporting agencies that Plaintiff's account had a zero balance.  In response to the ACDVs transmitted by Experian, Trans Union, and Equifax, AT&T thoroughly investigated its files in light of the disputes transmitted and requested that the credit reporting agencies modify their reports to reflect the then-current information AT&T had in its file regarding Plaintiff.  In short, AT&T accurately reported information about Plaintiff's account to the credit reporting agencies.  As such, judgment should be entered in favor of AT&T.

---

3       For corresponding citations to the record, AT&T refers to its Statement of Undisputed Material Facts included with AT&T's Motion for Summary Judgment (*Doc. No.* 110).  *See also* AT&T's Reply Brief in Further Support of its Motion for Summary Judgment (*Doc. No.* 119).

2.      AT&T Conducted a Reasonable Investigation Into Plaintiff's Dispute.

As explained above, Plaintiff may only bring suit against AT&T for alleged violation of 15 U.S.C. § 1681s-2(b), which obligates furnishers to perform a reasonable investigation to verify the sufficiency and accuracy of the information reported when notified by a credit reporting agency of a consumer dispute.  To prevail on a claim under 15 U.S.C. § 1681s-2(b), Plaintiff must prove that:

(1) Plaintiff disputed reported information with a credit reporting agency;

(2) AT&T received a notice of the dispute under Section 1681i(a) from the credit reporting agency;

(3) AT&T failed to perform a reasonable investigation upon receiving the notice of dispute;

(4) the failure to investigate was willful or negligent; and

(5) Plaintiff was harmed.

See, e.g., Jaramillo v. Experian Information Solutions, Inc., 155 F.Supp.2d 356, 363 (E.D. Pa. 2001); Young v. Equifax Credit Information Services, Inc., 294 F.3d 631, 640 (5th Cir. 2002).  In other words, a credit furnisher only violates the FCRA when, after a credit reporting agency communicates a consumer's dispute to the credit furnisher,[4] it fails to conduct a "reasonable investigation" of its records to determine whether the disputed information can be verified.  See, e.g., Krajewski v. American Honda Finance Corp., 557 F.Supp.2d 596, 609 n.9 (E.D. Pa. 2008) ("Liability pursuant to this provision occurs as a result of an unreasonable investigation, not simply as a result of inaccurate information being reported. . . .   If [the defendant's]

---

[4]      Although a furnisher of information has a duty to investigate the accuracy of its credit reporting, it has no duty to perform this investigation unless a credit reporting agency, not a consumer, first informs it that the accuracy of the information is disputed.  15 U.S.C. § 1681(s)-2(b).  See, e.g., Beisel v. ABN Ambro Mortg., Inc., No. 07-2219, 2007 WL 2332494, at *1-2 (E.D. Pa. Aug. 10, 2007); Kaetz v. Chase Manhattan Bank, USA, No. 05-1546, 2006 WL 1343700, at *3 (M.D. Pa. May 17, 2006) (holding that furnisher of information has no duty under FCRA to investigate information's accuracy until credit agency, not consumer, reports that accuracy is disputed); Jaramillo v. Experian Information Solutions,
(continued...)

investigation was reasonable, it will not be liable pursuant to § 1681s-2(b)"); *Farren v. RJM Acquisition Funding LLC*, No. 04-995, 2005 WL 1799413, at *4 (E.D. Pa. July 26, 2005).

Under section 1681s-2(b), a furnisher who receives notice from a credit reporting agency that a consumer formally disputes (in accordance with § 1681i(a)(2)) the accuracy of any information provided by the furnisher to the credit reporting agency must:

(1) conduct an investigation with respect to the disputed information;

(2) review all relevant information provided by the credit reporting agency to the furnisher regarding the dispute;

(3) report the results of the investigation to the credit reporting agency; and

(4) report any findings of inaccuracy to all other credit reporting agencies to which the information was furnished.

15 U.S.C. § 1681(s)-2(b).  *See, e.g., Farren*, 2005 WL 1799413, at *4.  Numerous courts have concluded that the FCRA requires creditors faced with a consumer dispute to conduct a "reasonable investigation" of their records to determine whether the disputed information can be verified.  *See, e.g., Johnson v. MBNA America Bank*, 357 F.3d 426, 431 (4th Cir. 2004); *Farren*, 2005 WL 1799413, at *4.  The reasonableness of an investigation is to be determined by an objective standard, and the burden of showing the investigation was unreasonable is on the Plaintiff.  *Chiang*, 595 F.3d at 37  (citing *Johnson*, 357 F.3d at 429-31).  Moreover, Plaintiff must demonstrate some causal relationship between the allegedly unreasonable investigation and the alleged failure to discover inaccuracies in his account.  *Id.*

Here, Plaintiff has put forth no evidence to satisfy his burden of proving that AT&T failed to reasonably investigate his dispute to Experian.  To the contrary, AT&T's investigation in response to the Experian ACDV regarding Plaintiff was diligent.  This Court initially denied

---

(...continued)

*Inc.*, 155 F. Supp.2d 356, 363 (E.D. Pa. 2001) (same); *Millet v. Ford Motor Credit Co.*, No. 04-2450, 2006 WL 1301160, at *3 (D.Kan. May 9, 2006) (listing cases that reached this conclusion).

summary judgment on the Experian ACDV because a jury could conclude that AT&T's investigation into Plaintiff's dispute "might have informed the analyst that Plaintiff disputed his account and led the analyst to update the Experian tradeline accordingly."  Doc. No. 158, p. 9. After Plaintiff's case in chief, no jury could reasonably conclude there was any additional dispute and that the Experian tradeline should be updated aside from how the information was modified on the ACDV response.

On April 1, 2009, Experian transmitted an ACDV that described Plaintiff's dispute as "Claims inaccurate information.  Did not provide specific dispute.  Provide complete ID and verify account information.  ATANDT PROVIDED A STATEMENT TO ME THAT SAID I OWED NOTHING TO THEM."  *See* Pl. Tr. Ex. 21.  The ACDV said <u>nothing</u> about Plaintiff requesting a deletion of the AT&T tradeline.  In timely responding to the dispute transmitted by Experian, an ACDV analyst accessed AT&T's databases in order to compare the information on file with Experian against the information in AT&T's records.  Based on her review of AT&T's databases, the ACDV analyst was able to confirm that the account belonged to Plaintiff and that he had owed AT&T the disputed balance at one point.  *Id.*  The analyst further requested that Experian update the information it had on file relating to Plaintiff's account show the following information:

| Name: | DENNIS VANVEEN | | | |
|---|---|---|---|---|
| Current Address: | 1328 JEANETTE WAY SOUTHAMPTON, PA | | Acct Status/Rating: | 97 |
| Zip: | 18966 | | Account Condition / Cumm Status: | CHARGE OFF |
| Account No. | 711090833401 | | Charge Off Amt: | 64 |
| Balance: | | | Type: | 4D |
| Balance Date: | 12/24/2007 | | Terms: | 001 |
| Amt Past Due: | 64 | | Date Last Pay: | |
| Orig Delinq Date: | 07/18/2007 | | Open Date: | 05/07/2007 |
| High Credit Balance: | 64 | | Closed Date: | 08/29/2007 |

*Id.*  The information provided by AT&T in response to the Experian ACDV was accurate and reflected the information AT&T had in its records regarding Plaintiff as of April 29, 2009 when AT&T's ACDV response was submitted to Experian.  Plaintiff has offered no evidence to rebut the fact that the AT&T account was charged off as of December 2007, and that AT&T reported as such in early 2008.  In March 2009, AT&T issued another courtesy adjustment, effectively zeroing out the bill.  Therefore, responding to the ACDV in April 2009 stating that the account was charged off with a zero balance was, in fact, accurate.  There was nothing to dispute with that fact.

In sum, AT&T thoroughly investigated and timely responded to the ACDV it received from Experian.  In so doing, the ACDV analyst followed established procedures to determine whether the information on file with the credit reporting agencies was accurate.  For the reasons stated in AT&T's Motion for Summary Judgment (*Doc. Nos.* 110 and 119), incorporated herein by reference, AT&T contends it had no obligation to mark Plaintiff's account as "disputed" and Plaintiff lacks a private right of action to enforce any such obligation, in any event.  Accordingly, AT&T is entitled to judgment as a matter of law.

### B.  Plaintiff Cannot Prove Any Entitlement to Punitive Damages.

Plaintiff seeks actual damages in the form of emotional distress, as well as an award of punitive damages.  Plaintiff has put forth no evidence that he is entitled to punitive damages.  Pursuant to 15 U.S.C. § 1681n(a)(2), "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . such amount of punitive damages as the court may allow."  The United States Supreme Court most recently addressed this willfulness standard in *Safeco Ins. Co. of America, et al. v. Burr*, 551 U.S. 47 (2007).

With respect to the "willful" standard for liability under section 1681n, the Supreme Court found that willfulness for FCRA purposes can be founded on either a "knowing" or "reckless" basis.  *Id*. at 56-60.  There is certainly *no* evidence in the present case that would demonstrate that AT&T knowingly violated the FCRA.  Nor is there any evidence that AT&T acted recklessly.  The Court recognized that "the term recklessness is not self-defining," but explained that "the common law has generally understood it in the sphere of civil liability as conduct violating an objective standard: an action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"  *Id.* at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

The Third Circuit recently upheld a motion to dismiss—not even a grant of summary judgment—on a willfulness claim under section 1681n.  *See Long v. Tommy Hilfiger U.S.A., Inc.*, No. 11-1554, 2012 U.S. App. LEXIS 1269 (3d Cir. Jan. 24, 2012).  The Third Circuit was explicit in stating that any "evidence of subjective bad faith or intent of the defendant is irrelevant when there is an objectively reasonable interpretation of the statute that would allow the conduct in question."  *Id.* at *15.

Plaintiff points to *no* evidence in his case to prove that AT&T objectively violated the FCRA in conducting its investigation into his dispute.  As set forth above, the AT&T account was charged off as of December 2007, and that AT&T reported as such in early 2008.  Therefore, responding to the ACDV in April 2009 stating that the account was charged off with a zero balance was, in fact, accurate.  Just as in *Long*, these investigatory functions on the part of AT&T comply with an objective reading of a furnisher's obligations to conduct a reasonable investigation under the FCRA.  *See* 15 U.S.C. § 1681s-2(b); *Farren*, 2005 WL 1799413, at *4.  As Plaintiff cannot point to any objectively unreasonable actions on the part of AT&T in

following the FCRA, Plaintiff is not entitled to punitive damages as a matter of law. Accordingly, Plaintiff is not entitled to punitive damages as a matter of law.

## III.  **<u>CONCLUSION</u>**

For the foregoing reasons, AT&T respectfully requests that this Court grant its Motion and enter judgment in its favor, as a matter of law, with respect to all claims brought against it in Plaintiff's Second Amended Complaint.

Respectfully submitted,

/s/ Martin C. Bryce, Jr.
Martin C. Bryce, Jr.
Keith B. Joseph
**Ballard Spahr LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103-7599
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

*Counsel for Defendant AT&T Corp.*

Dated: October 25, 2012

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, a true and correct copy the foregoing

Motion for Judgment as a Matter of Law was served on the following via electronic service

through the Electronic Case Filing System for the Eastern District of Pennsylvania:

James A. Francis, Esquire
Mark D. Mailman, Esquire
John Soumilas, Esquire
Gregory J. Gorski, Esquire
Francis & Mailman, P.C.
Land Title Building
19th Floor
100 South Broad Street
Philadelphia, PA 19110

*Counsel for Plaintiffs*

Dated: October 25, 2012

/s/  Martin C. Bryce, Jr.
Martin C. Bryce, Jr.

DMEAST #15836553 v2